UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SHANNON KEENAN GREENE,  )
       Plaintiff,  )
                                            )
       v.  )        Civil Action No. 2:20cv253 (RCY)
                                            )
CITY OF VIRGINIA BEACH,  )
       Defendant.  )

**MEMORANDUM OPINION**

In this *pro se* action, Plaintiff Shannon Keenan Greene ("Plaintiff") asserts thirty-three[1] claims for relief against her former employer, Defendant City of Virginia Beach ("City"). Am. Compl. at 1-100, ECF No. 7. This matter is before the Court on the City's Motion to Dismiss. Mot. Dismiss, ECF No. 10. The Court concludes that oral argument is unnecessary because the facts and legal issues are adequately presented in the parties' briefs.

For the reasons set forth below, *pro se* Plaintiff will be GRANTED leave to file a Second Amended Complaint in this action. Plaintiff will be ORDERED to file her Second Amended Complaint, pursuant to the instructions provided herein, within thirty days from the date of entry of this Memorandum Opinion and the accompanying Order. Because Plaintiff will be granted leave to file a Second Amended Complaint, and Plaintiff's Second Amended Complaint will serve as the operative complaint in this action, the City's Motion to Dismiss, ECF No. 10, which seeks the dismissal of Plaintiff's Amended Complaint, will be DISMISSED as moot.

---

[1] Although the final claim in Plaintiff's Amended Complaint is titled, "Count Thirty-Four," Plaintiff does not include a "Count Twenty-Six" in her Amended Complaint. Am. Compl. at 88, 97, ECF No. 7. Plaintiff's numbered counts skip from "Count Twenty-Five" to "Count Twenty-Seven." *Id*. at 88. Thus, Plaintiff only asserts thirty-three claims against the City.

## I. RELEVANT PROCEDURAL BACKGROUND

On May 18, 2020, Plaintiff filed an application to proceed *in forma pauperis* ("First IFP Application"), along with a proposed Complaint. First IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. Upon review, the Court determined that Plaintiff's First IFP Application appeared to contain inconsistent financial information. Order at 1, ECF No. 3. In an Order dated June 19, 2020, the Court explained the inconsistencies in Plaintiff's First IFP Application, denied Plaintiff's First IFP Application, and directed Plaintiff to either pay the filing fees or submit another *in forma pauperis* application to the Court within thirty days. *Id*. at 1-3. Plaintiff timely filed a second application to proceed *in forma pauperis* ("Second IFP Application"). Second IFP Appl., ECF No. 4. In an Order dated August 11, 2020, the Court granted Plaintiff's Second IFP Application and directed the Clerk to file Plaintiff's Complaint. Order at 2, ECF No. 6.

In her Complaint, Plaintiff alleged that she was a former employee of the City, who was subjected to wrongdoing in the workplace. Compl. at 1-100, ECF No. 8. Plaintiff asserted thirty-three claims for relief,[2] and identified seven named Defendants, including: (i) the City; (ii) John Cliff Myers; (iii) Ron Kuhlman; (iv) Marjorie Smith; (v) Stacy Hawks; (vi) 8

Scott Sautter; and (vii) Maria Aragon. *Id*.

Shortly after submitting her Complaint to the Court, Plaintiff filed a document, in which Plaintiff sought to amend the first three pages of her Complaint. *See* Letter at 1, ECF No. 4-3; Proposed Am. Compl., ECF No. 4-2. Plaintiff stated that the purpose of her amendment was to "nam[e] only the City of Virginia Beach as a Defendant," to "eliminat[e] other [D]efendants," and to "request[] a jury trial." Letter at 1. Plaintiff provided the Court with three pages of

---

[2] Plaintiff's initial Complaint, like Plaintiff's Amended Complaint, included a final claim that was titled, "Count Thirty-Four." Compl. at 97, ECF No. 8. However, Plaintiff's initial Complaint, like Plaintiff's Amended Complaint, did not include a "Count Twenty-Six." *Id*. at 88.

2

documents and asked the Court to substitute the three pages for the first three pages of Plaintiff's initial Complaint. *Id.*; Proposed Am. Compl. at 1-3. Plaintiff indicated that "all other pages and all exhibits remain unamended and are the same as the original complaint." Letter at 1.

The Court granted Plaintiff's request to amend her Complaint and directed the Clerk to (i) substitute the first three pages of Plaintiff's initial Complaint with the three new pages provided by Plaintiff; (ii) file the updated complaint, with all original exhibits, as Plaintiff's Amended Complaint; and (iii) terminate John Cliff Myers, Ron Kuhlman, Marjorie Smith, Stacy Hawks, Scott Sautter, and Maria Aragon as Defendants in this action. Order at 2-3, ECF No. 6; *see* Am. Compl., ECF No. 7.

The City waived service of process and thereafter moved to dismiss Plaintiff's Amended Complaint. Waiver, ECF No. 9; Mot. Dismiss at 1-2, ECF No. 10. Along with its dismissal motion, the City provided *pro se* Plaintiff with a proper *Roseboro* Notice pursuant to Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. Mot. Dismiss at 1-2; *see* E.D. Va. Loc. Civ. R. 7(K). Plaintiff filed a timely Opposition to the City's Motion to Dismiss, and the City filed a timely Reply. Opp'n, ECF No. 13; Reply, ECF No. 14. The City's Motion to Dismiss is ripe for adjudication.

## II. PLAINTIFF'S PREVIOUSLY FILED LAWSUIT

Plaintiff filed a prior lawsuit in this Court against the City, Action No. 2:19cv150 ("*Greene I*"), which remains pending, that involves factual allegations and legal claims arising out of Plaintiff's employment with the City.[3] Third Am. Compl. at 1-66, *Greene I*, No. 2:19cv150 (E.D. Va. Mar. 9, 2020), ECF No. 58. In *Greene I*, Plaintiff, who was still employed by the City at the time of filing *Greene I*, alleges that she was subjected to various forms of discrimination,

---

[3] The *Greene I* proceedings are matters of public record, of which this Court may properly take judicial notice when ruling on the City's Motion to Dismiss. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

3

harassment, retaliation, violence, and other wrongdoings in the workplace. *Id*. Plaintiff asserts thirty-one claims against the City in *Greene I*, which Plaintiff titles as follows:

- "COUNT ONE Discriminatory Hostile Work Environment (Title VII);"
- "COUNT TWO Retaliatory Hostile Work Environment (Title VII);"
- "COUNT THREE Tortious Interference with Business Expectancies (Va. Code 8.01-243);"
- "COUNT FOUR 42 USC 1983 Deprivation of Property without Due Process under color of State Law (Va. Code 9.1-500 et seq Compl. 102, 103);"
- "COUNT FIVE 42 USC 1983 Deprivation of Liberty without Due Process under color of State Law/auditorium firing;"
- "COUNT SIX 42 USC 1983 Deprivation of Liberty Without Due Process under color of State Law/Kaufman Background Investigation Report;"
- "COUNT SEVEN Discriminatory Pre-Employment Inquiry (Title VII);"
- "COUNT EIGHT Title VII Discriminatory and/or Retaliatory False Employment Reference;"
- "COUNT NINE 42 USC 1983 Cruel and Unusual Punishment;"
- "COUNT TEN Retaliatory Failure to Hire (Title VII) OFFICE SUPERVISOR 5-30-2016;"
- "COUNT ELEVEN Failure to Hire (Title VII) Recreation Specialist II 5-19-2017;"
- "COUNT TWELVE Failure to Hire (Title VII) Executive Assistant 6-10-2018;"
- "COUNT THIRTEEN Failure to Hire (Title VII) Office Assistant 6-16-2018;"
- "COUNT FOURTEEN Title VII Discriminatory & Retaliatory Failure to Promote Admin Tech 2018;"
- "COUNT FIFTEEN (Title VII) Adverse Employment Act: Performance Improvement Plan (P.I.P) Threatening me with Dismissal 5-31-16; and the failure to remove the P.I.P. from my permanent file;"
- "COUNT SIXTEEN Adverse Employment Act: (Title VII) 6-Mo. Performance Evaluation 5-31-16;"
- "COUNT SEVENTEEN (Title VII) Derogatory Information Search;"
- "COUNT EIGHTEEN 42 USC 1983 Deprivation of Right to Not be battered under color of State Law;"
- "COUNT NINETEEN Retaliatory adverse employment act violating OSHS Order (Title VII, ADA);"
- "COUNT TWENTY 1983 Deprivation of Right to Privacy under color of State Law;"
- "COUNT TWENTY-ONE Intentional Infliction of Emotional Distress (Reinstatement (second) of Torts section 46, Virginia Intentional Tort of IIED);"
- "COUNT TWENTY-TWO 42 USC 1985 Conspiracy to Violate Title VII;"

4

- "COUNT TWENTY-THREE Battery (Virginia Tort of Battery, common law, The Safety, Health and Welfare at Work Act 2005, as amended, and the General Application Regulations, 2007 to 2016);"
- "COUNT TWENTY-FOUR ADEA-Discriminatory Job Termination (ADEA);"
- "COUNT TWENTY-FIVE 42 USC 1983 Deprivation of Equal Rights under color of State Law;"
- "COUNT TWENTY-SIX Failure to Hire (Title VII) Assistant Registrar I/II 3-19-2016;"
- "COUNT TWENTY-SEVEN Retaliatory Failure to Hire (Title VII) EXECUTIVE ASSISTANT II 5-15-2016;"
- "COUNT TWENTY-EIGHT Retaliatory Failure to Hire (Title VII) ADMIN TECH 5-22-2016;"
- "COUNT TWENTY-NINE Retaliatory Failure to Hire (Title VII) Admin Assist 5-9-2017;"
- "COUNT THIRTY Retaliatory Failure to Hire (Title VII) PUBLIC SAFETY DATA SERVICES ASSISTANT I 6-3-2016;" and
- "COUNT THIRTY-ONE Defamation (Virginia Intentional Tort of Defamation)."

*Id*. at 23-63 (emphasis omitted).

On February 12, 2020 and February 13, 2020, the Court issued Orders in *Greene I* that, among other things, (i) denied Plaintiff's Motion for Default Judgment; (ii) denied Plaintiff's First and Second Motions for Sanctions; (iii) denied Plaintiff's Motion for Preliminary Injunction; and (iv) granted Plaintiff leave to file a Third Amended Complaint. Order at 1-11, *Greene I*, No. 2:19cv150 (E.D. Va. Feb. 12, 2020), ECF No. 53; Order at 1-6, *Greene I*, No. 2:19cv150 (E.D. Va. Feb. 13, 2020), ECF No. 54. On February 24, 2020, Plaintiff appealed aspects of both Orders to the United States Court of Appeals for the Fourth Circuit. Notice Appeal at 1-2, *Greene I*, No. 2:19cv150 (E.D. Va. Feb. 24, 2020), ECF No. 55. The Court stayed *Greene I* pending the resolution of Plaintiff's appeal. Order at 1-4, *Greene I*, No. 2:19cv150 (E.D. Va. Mar. 17, 2020), ECF No. 62.

On August 31, 2021, the Fourth Circuit issued an Opinion, in which it dismissed Plaintiff's appeal in part, and affirmed the Court's rulings in part. *Greene v. City of Va. Beach*, No. 20-1244,

5

2021 U.S. App. LEXIS 26228, at *1-3 (4th Cir. Aug. 31, 2021). Specifically, the Fourth Circuit dismissed Plaintiff's appeal regarding the Court's rulings on Plaintiff's Motion for Default Judgment and Plaintiff's First and Second Motions for Sanctions, finding that the Fourth Circuit lacked jurisdiction over this portion of the appeal because it did not involve a "final order[]" or an "appealable interlocutory or collateral order[]." *Id*. at *1-2. Additionally, the Fourth Circuit affirmed the Court's denial of Plaintiff's Motion for Preliminary Injunction, finding that the Court "did not abuse its discretion in denying [Plaintiff's] motion" for the reasons stated in the Court's Order. *Id*. at *3.

The Fourth Circuit indicated that the rulings in its August 31, 2021 Opinion "shall take effect upon the issuance of [the Fourth Circuit's] mandate." Judgment at 1, *Greene I*, No. 2:19cv150 (E.D. Va. Aug. 31, 2021), ECF No. 67. Upon the issuance of the Fourth Circuit's mandate, the stay will be lifted in *Greene I*, and the proceeding will continue.

### III. PLAINTIFF'S AMENDED COMPLAINT

In the "Introduction" section of the Amended Complaint filed by Plaintiff in the instant action, Plaintiff states: "This complaint outlines a five-year crime spree by Defendant City of Virginia Beach (VB); and describes distinct unlawful conduct and distinct causes of action as compared to my previous lawsuit against the City of Virginia Beach." Am. Compl. at 4, ECF No. 7. After detailing the alleged wrongdoings suffered by Plaintiff during her employment, which culminated in Plaintiff's termination on March 30, 2020, Plaintiff's Amended Complaint asserts thirty-three claims for relief, which Plaintiff titles as follows:

- "COUNT ONE (18 U.S.C. 1962(C) CIVIL RICO VIOLATION OF 18 U.S.C. 1962(C);"
- "COUNT TWO (18 USC 1962(D)) CONSPIRING TO VIOLATE 18 USC 1962(C);"
- "COUNT THREE (Title VII) RETALIATORY ADVERSE EMPLOYMENT ACT – LETTER OF REPRIMAND;"

- "COUNT FOUR (Title VII) RETALIATORY ADVERSE EMPLOYMENT ACT – LETTER OF SUSPENSION;"
- "COUNT FIVE (TITLE VII) RETALIATORY ADVERSE EMPLOYMENT ACT – SUSPENSION WITHOUT PAY;"
- "COUNT SIX (TITLE VII) RETALIATORY ADVERSE EMPLOYMENT ACT – DEMOTION;"
- "COUNT SEVEN (Title VII, ADA) UNLAWFUL ADMINISTRATION OF AN FFDE EXAM;"
- "COUNT EIGHT (42 USC 1983) Deprivation of Equal Rights under color of State Law;"
- "COUNT NINE (42 USC 1983) CRUEL AND UNUSUAL PUNISHMENT UNDER COLOR OF STATE LAW;"
- "COUNT TEN (Title VII, ADEA, ADA, 42 USC 1983) WRONGFUL TERMINATION OF TOURISM EMPLOYMENT;"
- "COUNT ELEVEN (TITLE VII) SEXUAL HARASSMENT AND SEX DISCRIMINATION;"
- "COUNT TWELVE (TITLE VII) FAILURE TO TRAIN/DELIBERATE INDIFFERENCE;"
- "COUNT THIRTEEN (TITLE VII, ADEA) FAILURE TO REMEDY, UNLAWFUL SUPERVISION, AND UNLAWFUL RETENTION;"
- "COUNT FOURTEEN (42 USC 1983, FOURTH AMENDMENT) UNLAWFUL SERACH AND SEIZURE UNDER COLOR OF STATE LAW;"
- "COUNT FIFTEEN (TITLE VII) RETALIATORY HOSTILE WORK ENVIRONMENT;"
- "COUNT SIXTEEN (TITLE VII) DISCRIMINATORY & RETALIATORY FAILURE TO PROMOTE ADMIN TECH 2018;"
- "COUNT SEVENTEEN TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCIES (Va. Code 8.01-243);"
- "COUNT EIGHTEEN 42 USC 1983 DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS UNDER COLOR OF STATE LAW (Va Code Ann. 9.1-500 et seq Compl. 102, 103);"
- "COUNT NINETEEN 42 USC 1983 DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS UNDER COLOR OF STATE LAW/KAUFMAN BACKGROUND INVESTIGATION REPORT;"
- "COUNT TWENTY (TITLE VII) DISCRIMINATORY PRE-EMPLOYMENT INQUIRY;"
- "COUNT TWENTY-ONE (REINSTATEMENT (SECOND) OF TORTS SECTION 46, VIRGINIA INTENTIONAL TORT OF IIED) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;"
- "COUNT TWENTY-TWO RETALIATORY FAILURE TO HIRE (TITLE VII) OFFICE SUPERVISOR 5-30-2016;"
- "COUNT TWENTY-THREE (TITLE VII) FAILURE TO HIRE RECREATION SPECIALIST II 5-19-2017;"

- "COUNT TWENTY-FOUR (TITLE VII) FAILURE TO HIRE EXECUTIVE ASSISTANT 6-10-2018;"
- "COUNT TWENTY-FIVE (TITLE VII) FAILURE TO HIRE OFFICE ASSISTANT II 6-16-2018;"
- "COUNT TWENTY-SEVEN (42 USC 1983) DEPRIVATION OF RIGHT TO PRIVACY UNDER COLOR OF STATE LAW;"[4]
- "COUNT TWENTY-EIGHT (COMMON LAW, VIRGINIA TORT OF BATTERY) BATTERY;"
- "COUNT TWENTY-NINE (ADEA) ADEA-DISCRIMINATORY DISCHARGE;"
- "COUNT THIRTY (Title VII) FAILURE TO HIRE ASSISTANT REGISTRAR I/II 3-19-2016;"
- "COUNT THIRTY-ONE (Title VII) RETALIATORY FAILURE TO HIRE EXECUTIVE ASSISTANT II 5-15-2016;"
- "COUNT THIRTY-TWO (Title VII) RETALIATORY FAILURE TO HIRE ADMIN TECH 5-22-2016;"
- "COUNT THIRTY-THREE (TITLE VII) RETALIATORY FAILURE TO HIRE ADMIN ASSISTANT 5-9-2017;" and
- "COUNT THIRTY-FOUR (TITLE VII) RETALIATORY FAILURE TO HIRE PUBLIC SAFETY DATA SERVICES ASSISTANT I 6-3-2016."

*Id*. at 1-99 (emphasis omitted).[5]

### IV. THE CITY'S MOTION TO DISMISS

The City moves to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[6] Mot. Dismiss at 1, ECF No. 10; Mem. Supp. Mot. Dismiss at 1-22, ECF No. 11. In its motion, the City argues, among other things, that "the

---

[4] As noted above, Plaintiff's Amended Complaint does not include a "Count Twenty-Six." Am. Compl. at 88, ECF No. 7.

[5] On May 17, 2021, Plaintiff initiated a third lawsuit in this Court, in which Plaintiff asserts thirty-one claims against the City that arise out of her former employment. *See* IFP Appl., *Greene v. City of Virginia Beach*, No. 2:21cv274 (E.D. Va. May 17, 2021), ECF No. 1; Am. Compl., *Greene v. City of Virginia Beach*, No. 2:21cv274 (E.D. Va. June 22, 2021), ECF No. 7. On August 20, 2021, the City filed a Motion to Strike and/or to Dismiss Amended Complaint, in which the City argues that the action is "wholly redundant of a previously filed and currently pending suit." Mot. Strike Dismiss Am. Compl. at 1, ECF No. 13. The City's motion remains pending.

[6] Dismissal is warranted under Federal Rule 12(b)(1) for any claims over which the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal is warranted under Federal Rule 12(b)(6) if the operative complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

overwhelming majority of [Plaintiff's] claims" in this action are duplicative of the claims that are "already at issue in *Greene I*." Mem. Supp. Mot. Dismiss at 2, 12.

Upon review, it is clear that several of the claims asserted in this action are duplicative of the claims asserted in the Third Amended Complaint in *Greene I*. For example, Counts 8, 9, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, and 34 of the Amended Complaint in the instant action appear to be primarily duplicative of Counts 25, 9, 14, 3, 4, 6, 7, 21, 10, 11, 12, 13, 20, 23, 24, 26, 27, 28, 29, and 30 of the Third Amended Complaint in *Greene I*, respectively. *Compare* Am. Compl. at 64-98, ECF No. 7, *with* Third Am. Compl. at 24-61, *Greene I*, No. 2:19cv150 (E.D. Va. Mar. 3, 2020), ECF No. 58.

As courts have explained, it is improper for a complaint to duplicate allegations and claims "of another pending federal lawsuit [filed] by the same plaintiff." *Shockley v. Hosterman*, No. 07-497, 2008 U.S. Dist. LEXIS 2349, at *4 (D. Del. Jan. 12, 2008) (quoting *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)); *see Bussie v. Gundman*, No. 17cv927, 2018 U.S. Dist. LEXIS 138455, at *3 (W.D. Wisc. Aug. 16, 2018) (dismissing a *pro se* lawsuit that pursued "duplicative claims," and noting that "it is 'malicious' for a *pro se* litigant to file a lawsuit that duplicates allegations of another pending federal lawsuit [filed] by the same plaintiff" (citation omitted)). Therefore, the Court will not allow Plaintiff to proceed with duplicative allegations and claims in multiple pending actions.

In addition to the duplicative claims issue discussed above, the Court notes that Plaintiff's Amended Complaint contains inconsistent information with respect to the Defendant(s) against whom Plaintiff intends to assert certain claims in the instant action. As summarized above, Plaintiff's initial Complaint identified the named Defendants as: (i) the City; (ii) John Cliff Myers; (iii) Ron Kuhlman; (iv) Marjorie Smith; (v) Stacy Hawks; (vi) Scott Sautter; and (vii) Maria

Aragon. Compl. at 1-3, ECF No. 8. However, Plaintiff subsequently advised the Court that she wished to amend her Complaint to "nam[e] only the City" as a Defendant. Letter at 1, ECF No. 4-3. To effect this requested change, Plaintiff provided the Court with certain documents to be substituted for certain pages in the initial Complaint. *Id.*; Proposed Am. Compl. at 1-3, ECF No. 4-2. The Court authorized the requested page substitutions and filed Plaintiff's Amended Complaint. Order at 2-3, ECF No. 6; *see* Am. Compl. at 1-100.

Despite Plaintiff's stated intention that she seeks to "nam[e] only the City" as a Defendant in this action, Plaintiff's Amended Complaint states that "some counts are additionally directed toward other Defendants in addition to [the] City." Letter at 1; Am. Compl. at 49 (capitalization omitted). Further, Counts 1, 2, 7, and 10 specifically state that they are being asserted against the City and additional Defendants. *See* Am. Compl. at 49-57 (asserting Count 1 against the City, "Smith," "Myers," "Hawks," "Aragon," "Kuhlman," and "Sautter," and specifying the relief requested from each named Defendant), 57-58 (asserting Count 2 against the City, "Smith," "Myers," "Hawks," "Aragon," "Kuhlman," and "Sautter," and specifying the relief requested from each named Defendant ), 63 (asserting Count 7 against the City and "Sautter"), 66-67 (asserting Count 10 against the City and "Sautter," and specifying the relief requested from each Defendant).

To resolve the issues discussed above, and in deference to Plaintiff's *pro se* status, Plaintiff will be GRANTED leave to file a Second Amended Complaint in this action. Plaintiff will be ORDERED to file her Second Amended Complaint within thirty days from the date of entry of this Memorandum Opinion and the accompanying Order. <u>Plaintiff is ADVISED that her Second Amended Complaint will supersede her Amended Complaint and will become the operative complaint in this action</u>. As such, the Second Amended Complaint must:

    (i)    be clearly labeled as Plaintiff's Second Amended Complaint;

    (ii)    clearly identify the Defendant(s) against whom Plaintiff intends to assert claims;

    (iii)    clearly state each claim that Plaintiff intends to assert against Defendant(s);

    (iv)    clearly set forth all factual allegations upon which Plaintiff's claims are based; and

    (v)    clearly explain the extent to which Plaintiff exhausted her administrative remedies on any claims that require such exhaustion.

As Plaintiff prepares her Second Amended Complaint, Plaintiff is REMINDED, as discussed above, that the Court will not allow Plaintiff to proceed with duplicative allegations and claims in multiple pending actions in this Court. *See Bussie*, 2018 U.S. Dist. LEXIS 138455, at *3; *Shockley*, 2008 U.S. Dist. LEXIS 2349, at *4. Plaintiff is further REMINDED that Federal Rule 8 requires that: (i) a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and (ii) each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1).

An amended complaint supersedes a prior complaint and renders it of no legal effect. *See Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001). Because Plaintiff will be granted leave to file a Second Amended Complaint, and Plaintiff's Second Amended Complaint will serve as the operative complaint in this action, the City's Motion to Dismiss, ECF No. 10, which seeks the dismissal of Plaintiff's Amended Complaint, will be DISMISSED as moot.

## V.   CONCLUSION

For the reasons set forth above, *pro se* Plaintiff will be GRANTED leave to file a Second Amended Complaint in this action. Plaintiff will be ORDERED to file her Second Amended Complaint, pursuant to the instructions provided herein, within thirty days from the date of entry of this Memorandum Opinion and the accompanying Order. Because Plaintiff will be granted

leave to file a Second Amended Complaint, and Plaintiff's Second Amended Complaint will serve as the operative complaint in this action, the City's Motion to Dismiss, ECF No. 10, which seeks the dismissal of Plaintiff's Amended Complaint, will be DISMISSED as moot.

    An appropriate Order shall issue.

_____/s/_____<br>
Roderick C. Young<br>
United States District Judge

Richmond, Virginia<br>
September 10, 2021